MARY LASAPIO, ADMINISTRATRIX, PLAINTIFF-APPELLANT, v. CHARLES ROEHLER AND K. A. HORBACH BAKING COMPANY, DEFENDANTS-RESPONDENTS.

Decided June 7, 1923.

**Negligence—Injury Caused to Helper Engaged by Employe Without Authority of His Principal.**

On appeal from the Essex Circuit Court.

For the plaintiff-appellant, *Arthur B. Seymour.*

For the defendants-respondents, *Irving W. Teeple* and *Charles Frankel.*

PER CURIAM.

This is an action against the baking company and one of its drivers for causing the death of the decedent, a lad twelve years old. There was a nonsuit in favor of the baking company and a verdict in favor of Roehler.

The errors assigned are the failure to submit to the jury the liability of the defendant. This depends upon the right of the lad to be upon the bakery company's wagon. The accident happened on a Saturday morning when the bakery wagons were very busy making their deliveries. It was common for the drivers to engage boys to help in the deliveries, and it is not shown that they were in the employ of the baking company, except so far as may be inferred from these facts; the evidence shows no authority in the drivers to hire the boys. In this case the difficulty in the way of the plaintiff is more serious.

What happened was that the boy met the driver of the wagon on his rounds and called to him, "Can I go with you," the driver said, "Where have you been?" and the boy replied, "I have been sick, I have had pneumonia," whereupon the driver said, "I cannot use you to-day, I got a helper," and then he says, "The tears started to roll out of the boy's eyes, and he asked me if I could not please take him along," and the driver said, "If you wish you can come."

The trial judge rightly conceived that there was no authority of the driver to employ the boy as the servant of the baking company, and that as to the baking company the boy was a mere licensee. We think it would have been right to nonsuit the plaintiff as to Roehler as well as to the baking company.

The only other error assigned that we need consider is the response to the jury. They asked, "Is not the driver guilty of carelessness in allowing the boy, a twelve-year-old boy,

ride on his truck, although he may not be responsible of carelessness in any other way," to which the court replied, "No."

We think the court was right, and that it was also right when it said, "It seems to me the only question is whether the defendant Roehler was guilty of willfully or wantonly injuring this boy, and that is all there is to argue about." There was no evidence of willful or wanton injury, nor was the boy an invitee. The case, we think, was the ordinary one of the boy volunteering. Apparently the cause of the injury to the boy was that he got on the step of the truck.

The judgment must, therefore, be affirmed.